UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

In re:

VICKIE JEAN BLACK,

Debtor.

Case No. K07-00532-DMD
Chapter 7

**Filed On 8/22/08**

### MEMORANDUM ON EXEMPTIONS

The debtor filed for Chapter 7 relief on October 12, 2007. She also closed a sale of unencumbered residential real estate the same day and received over $65,000.00 in cash. Her schedules failed to reflect an interest in either the real estate or the cash proceeds from the sale. Her initial schedules also did not claim an exemption in the real property or the proceeds therefrom.

At a § 341 meeting held on December 11, 2007, the debtor admitted that she sold a 1.5 acre parcel of property located in Wrangell, Alaska, 7.25 miles off the Zimovia Highway. She further testified that the sale had occurred on October 12, 2007, for $70,000.00, and that, after payment of the applicable costs and commission, she had received over $65,000.00 in cash. She lied repeatedly about the disposition of the cash to the trustee. She also stated at the § 341 meeting that she had not lived on the real property for several years. The trustee was able to obtain $60,000.00 of the proceeds in a separate adversary proceeding. The debtor spent $5,000.00 of the proceeds, or more, on a trip to Seattle for herself and her boyfriend.

After the December 11, 2007, meeting of creditors, the debtor filed amended schedules which listed her Wrangell lot as real property and claimed a homestead exemption of $65,000.00 in the parcel. The amended schedules were filed December 14, 2007.

A continued § 341 meeting was held, and concluded, on April 16, 2008. The trustee filed an objection to the debtor's exemptions on May 14, 2008. He argued that the real property wasn't the debtor's homestead, and that even if it were, her concealment of this asset and the proceeds from its sale precluded her entitlement to that exemption. A hearing on the trustee's objection was held on August 12, 2008.

Alaska statutes provide a homestead exemption for "property in this state used as the principal residence of the debtor."[1] "Principal residence" is defined as "the actual dwelling place of an individual or dependents of the individual and includes real and personal property."[2] The term "principal residence" "has been interpreted to require actual occupancy on a regular basis."[3] A dwelling place "is no more than the claimant's home, or the home of his dependents, which assumes a position of primary importance over any other dwelling used or occupied by the debtor."[4]

---

[1] A.S. 09.38.010(a).

[2] A.S. 09.38.500(12).

[3] *Ilardi v. Parker*, 914 P.2d 888, 891 (Alaska 1996).

[4] *Id.*

While exemption laws should be liberally construed in favor of the debtor,[5] this debtor clearly does not qualify for a homestead exemption. As of October 12, 2007, her primary dwelling place was an apartment she shared with her boyfriend at the Snow Building in Wrangell. She left the Zimovia Highway property because the trailer was "rotten," the septic tank did not work and the property was overgrown and dilapidated. She shared rent of $400.00 a month with her boyfriend. She lived in Wrangell (and off the Zimovia Highway property) for several years prior to filing her bankruptcy petition. She tried to sell the property for ten years prior to the actual sale. The Zimovia Highway property was clearly not her homestead. It was not her actual dwelling place or home. She is not entitled to the exemption.

There are further grounds for denial of the amended claim of exemptions. A debtor's right to amend schedules of exempt property may be disallowed upon a showing of bad faith or prejudice.[6] Here, there was abundant evidence of bad faith on the part of the debtor: repeated lies and perjury regarding the sale and disposition of the proceeds. Her actions have prejudiced the estate. The estate has incurred attorney's fees and costs attempting to recover the sale proceeds, which are property of the estate. Further, the debtor spent over $5,000.00 of estate assets on her trip to Seattle. This is money the trustee may never recover for the benefit of her creditors.

---

[5] *Id., citing Gutterman v. First Nat'l Bank of Anchorage*, 597 P.2d 969, 972 (Alaska 1979).

[6] *In re Hall*, 4 ABR 500, 506 (Bankr. D. Alaska 1997).

I conclude that the trustee's objection to the debtor's amended exemptions should be sustained. The debtor's claim of exempt property will be disallowed as to the property, more particularly described as Lot 8, Subdivision USS2921, Parcel 03-012-200, Wrangell, Alaska. An appropriate order and judgment will be entered.

DATED: August 22, 2008.

> BY THE COURT
>
> /s/ Donald MacDonald IV
> DONALD MacDONALD IV
> United States Bankruptcy Judge

Serve:  G. Spraker, Esq.
        B. Weidner, Esq.
        L. Compton, Trustee
        Debtor
        U.S. Trustee

08/22/08